# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTER POINTE SLEEP ASSOCIATES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUDITH L. PANIAN, ) <br> ) <br> Defendant. ) <br> ) | Civ. A. No. 08-1168 |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Pending before the Court is Plaintiff Center Pointe Sleep Associates, LLC's ("Plaintiff") Motion to Reduce Sanctions to Judgment (Docket No. 43). For the reasons set forth herein, Plaintiff's Motion is granted.

On October 9, 2008, I issued an Order (Docket No. 32) granting Plaintiff's Motion for Sanctions and to Compel Discovery (Docket No. 29) and requiring, inter alia, Defendant Judith L. Panian ("Defendant" or "Panian") to pay Plaintiff the sum of $4,751.04 for unnecessary costs and fees incurred by Plaintiff. These sanctions stemmed from Panian's failure to make Plaintiff aware that she had a laptop computer in her possession that she did not initially make available for inspection by Plaintiff's expert. Instead, Panian disclosed only the existence of her home computer that she used jointly with her husband and her husband's law practice. According to Plaintiff, the $4,751.04 represented $2,102 in attorneys' fees and $2,649.04 in fees incurred by Plaintiff's computer expert to examine the home computer.

On October 14, 2008, Panian indicated during a telephone conference with the Court that she

1

intended to appeal the October 9, 2008 sanctions order. In response, I informed Panian that she would need to post a bond with the Court in the amount of the sanctions if she intended to appeal the order. See Docket No. 36. As far as I am aware, Panian has not taken any steps to seek leave of court to appeal the sanctions order. On October 31, 2008, however, Panian filed a motion for reconsideration of that order. (Docket No. 44). On November 3, 2008, I granted Panian's motion for reconsideration in part and denied it in part. (Docket No. 45). Specifically, I denied Panian's request for a hearing on the matters alleged in Plaintiff's initial motion for sanctions, holding that Panian had had adequate notice of the motion as well as a fair opportunity to be heard. See id. I agreed with Panian, however, that Plaintiff had not provided sufficient documentation of the $4,751.04 in fees and costs requested in its September 24, 2008 motion for sanctions. Accordingly, I ordered Plaintiff to file documentation supporting its request for $2,102.00 in attorneys' fees and for $2,649.04 in fees incurred by Plaintiff's computer forensic expert and permitted Panian to file a response to that documentation. In addition, I stayed the October 9, 2008 Order awarding sanctions pending my receipt of the supporting documentation and my consideration of such documentation and the reasonableness of the amounts requested.

Plaintiff submitted the requested supporting documentation on November 14, 2008. (Docket No. 52). In particular, Plaintiff submitted an affidavit from its counsel regarding the attorneys' fees incurred along with the relevant portions of the firm's bills. Plaintiff also attached the affidavit of its computer forensic expert as well as a copy of the invoice detailing the expert's fees for services. See id. Exs. A-B. The amounts contained in Plaintiff's documentation are consistent with the amounts claimed in the September 24, 2008 motion for sanctions.

On November 24, 2008, Panian filed her Response to Plaintiff's Supporting Documentation

for Sanctions. (Docket No. 53). Panian's response, however, does not address the documentation Plaintiff submitted to support its claim of counsel fees and computer forensic expenses or the reasonableness of the amounts set forth therein. For example, Panian does not attack with any specificity the reasonableness of the rates or the hours expended. Instead, Panian raises the same arguments she set forth in opposition to Plaintiff's initial motion for sanctions. As set forth above, Panian was given a fair opportunity to respond to Plaintiff's arguments on the merits and did so respond on October 3, 2008. See Docket No. 31. Panian also rehashes many of the arguments raised in her October 31, 2008 motion for reconsideration of my order granting the motion for sanctions. My November 3, 2008 order regarding that motion for reconsideration, however, did not grant reconsideration of the decision to impose sanctions itself. Rather, the order required only that Plaintiff supply documentation supporting the <u>amount</u> of the sanctions imposed. Because, after reviewing Plaintiff's documentation, I find the amounts claimed therein to be reasonable, and Panian has not supplied any persuasive arguments or evidence to the contrary, the sanctions imposed shall remain fixed at $4,751.04. To the extent Panian asks yet again that I reconsider the merits of my October 9, 2008 order granting Plaintiff's motion for sanctions, that request is denied.

In addition to the $4,751.04 in sanctions imposed on October 9, 2008, I ordered Panian on October 22, 2008 to pay an additional $500 to Plaintiff as a sanction for sending the laptop computer at issue out of the jurisdiction to Texas. (Docket No. 39). As far as I am aware, Panian has not paid the $500 to Plaintiff and has not taken any steps to request leave to appeal the October 22 order.

On October 30, 2008, Plaintiff filed a Motion to Reduce Sanctions to Judgment (Docket No. 43) based on Panian's failure to pay the amounts owed or to seek leave to appeal the sanctions awards. In my November 3, 2008 order granting in part and denying in part Panian's motion for

reconsideration, I ordered Panian to respond to the motion to reduce sanctions to judgment on or before November 17, 2008. (Docket No. 45). Panian, however, did not file a response. Because Panian has neither sought leave to appeal nor complied with my October 9 and October 22, 2008 sanctions orders, I agree that Plaintiff should be permitted to commence collection efforts on the amounts owed. For this and all of the above reasons, Plaintiff's Motion to Reduce Sanctions to Judgment is granted.

WHEREFORE, this 8th day of December, 2008, after careful consideration of the submissions of the parties and for the reasons set forth herein, it is ordered that Plaintiff Center Pointe Sleep Associates, LLC's Motion to Reduce Sanctions to Judgment (Docket No. 43) is GRANTED as follows:

1. Defendant, Judith Panian, shall have ten (10) days from the date of this Order: (1) to pay sanctions in the amount of $ 5,251.04 to Plaintiff or (2) to seek leave of court to file an interlocutory appeal relating to the Court's orders of October 9, 2008, October 22, 2008, and/or November 3, 2008, and to file an appropriate bond or cash with the Clerk of Court for the total amount of the sanctions ($ 5,251.04);

2. If Defendant fails to comply with the foregoing, the Clerk of Court is hereby directed to enter judgment in favor of Center Pointe Sleep Associates, LLC, and against Judith L. Panian in the amount of $ 5,251.04, and Plaintiff may commence collection proceedings on said judgment.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge