IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Center Pointe Sleep Associates, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 08-1168 |
| Judith L. Panian, | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

## OPINION
## and
## ORDER OF COURT

In this civil action, Plaintiff, Center Pointe Sleep Associates, LLC ("Plaintiff" or "Center Pointe"), asserts claims against Defendant, Judith L. Panian ("Defendant" or "Panian") for: violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; theft of trade secrets under the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. Ann. §§ 5301, *et seq.*; conversion; intentional interference with contractual relations; and tortious procurement of information by improper means. Center Pointe's claims relate to trade secrets and other confidential information belonging to it that Center Pointe alleges Panian improperly took and downloaded from its computers after her resignation from the company. Panian has filed a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) as to Plaintiff's claims. (Docket No. 42). For the following reasons, Panian's Motion is denied.[1]

---

[1] Panian filed her Motion for a More Definite Statement October 28, 2008 while proceeding *pro se*. (Docket No. 42). After filing her Motion, Panian retained counsel who filed a Brief in Support of the motion on her behalf on November 11, 2008. (Docket No. 49).

1

# I. MOTION FOR A MORE DEFINITE STATEMENT

## A. Applicable Standard

A motion for more definite statement may succeed if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The notice pleading standard imposed by the Federal Rules, merely "requires a plaintiff to provide the opponent with fair notice of a claim and the grounds on which that claim is based." Kanter v. Barella, 489 F.3d 170, 175 (3d Cir. 2007). Accordingly, "[m]otions for more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT v. Rush Twp., Pa., 204 F. Supp. 2d 827, 849-50 (M.D. Pa. 2002).

## B. Defendant's Motion

Panian complains that Center Pointe's claims do not contain enough detail for her to respond. For example, Panian complains that the portions of the Complaint alleging that she had access to and was exposed to confidential and proprietary information and trade secrets belonging to Center Pointe are insufficiently definite because they do not identify the alleged trade secrets and confidential business information "by client and customer, subject matter, time of development and acquisition, and name of the Center Pointe employee and management person(s) who acquired, procured, developed, and/or formulated the claimed and alleged confidential, proprietary or trade secret information." See Docket No. 42; see also Def.'s Br. Supp. at 6-15. Panian also complains, inter alia, that the portion of the Complaint alleging that she "caused damage without authorization to a protected computer involved in interstate commerce by deleting certain files and sub-files from that protected computer without authorization" is vague because it does not definitely identify the "protected computer" or the "certain files and sub-files." See id.

Panian's arguments are without merit. After careful review, I find that Center Pointe's 76-

paragraph Complaint is neither vague nor ambiguous on these or any other issues. For example, the Complaint identifies the trade secrets at issue as relating to "the truck driver sleep apnea screening proposal designed by Center Pointe," as well as "client and prospective client data base information," "client and prospective client lists," and "marketing materials and strategies of Center Pointe." Compl. ¶¶ 26, 53. Further, the Complaint more than adequately describes the computer at issue as the "company-owned laptop computer" that Center Pointe provided to Panian during her employment. Id. ¶¶ 31-37. The Complaint then very specifically alleges that, prior to returning the Center Pointe laptop, Panian "connected a 'SanDisk U3 Cruzer Micro' USB Device – a small, portable memory device – to the laptop computer and downloaded certain files therefrom to that memory device." Id. ¶ 33. These and the remaining allegations in the Complaint more than adequately provide Panian with sufficient information to craft a responsive pleading. The additional level of detail and clarification Panian seeks is more appropriately the function of the discovery process, and she should avail herself of that process for such purposes. As the Court of Appeals for the Third Circuit has explained, a plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (The Rule 8(a)(2) notice pleading standard "relies on liberal discovery rules . . . to define disputed issues and to dispose of unmeritorious claims."); Sony BMG Music Entm't v. Cloud, Civil No. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 22, 2008) (motions for more definite statement are "highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." (citations omitted)).

For all of these reasons, Panian's motion for more definite statement is denied.

## II. **MOTION TO DISMISS**

Although Panian did not file a separate motion to dismiss or mention Rule 12(b)(6) in her motion for a more definite statement, her counsel in the supporting brief requests that I permit the initial motion to be amended to include "defenses and other relief available under Rule 8(a)(2), 12(b)(6) and Rule 12(f)." Def.'s Br. Supp. at 1. In support, the brief cites Wright and Miller's *Federal Practice and Procedure* for the proposition that "If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e) whichever is appropriate, without regard to how the motion is denominated." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2004). Even if it is proper for me to entertain Panian's arguments under a Rule 12(b)(6) standard, those arguments do not warrant dismissal of Center Pointe's Complaint.

### A. **Applicable Standard**

In ruling on a 12(b)(6) motion for failure to state a claim, I must look to whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008) (analyzing Twombly). In so doing, I must accept all factual allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. Phillips, 515 F.3d at 231. Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65; Phillips, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal

4

citations omitted). In short:

> "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965) (alteration in original).

### B. Defendant's Argument

Although Panian asks that I also review her Motion under the 12(b)(6) standard, her arguments for a 12(b)(6) dismissal are primarily the same as those in support of her motion for a more definite statement – i.e., that Center Pointe's Complaint must be dismissed because it contains insufficient factual allegations to plausibly suggest that Center Pointe is entitled to relief with respect to any of its claims. Again, Panian's argument is without merit.

As an initial matter, Panian's argument is flawed to the extent she suggests that Twombly materially altered the long-standing federal notice pleading standard under Rule 8(a)(2). To the contrary, although the Supreme Court in Twombly held that Rule 8 requires a "showing" as opposed to a blanket assertion of entitlement to relief, the Court also expressly reaffirmed that Rule 8 still only "requires a short and plain statement of the claim and its grounds." Phillips, 515 F.3d at 233 (citing Twombly, 127 S. Ct. at 1965 n.3); see also id. at 231 (Rule 8(a)(2) standard does not require "detailed factual allegations" even after Twombly.). Again, Twombly clarifies that Rule 8(a)(2) "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965). As set forth in Section I supra, all counts of the Complaint more than adequately satisfy the Rule 8 standard.

Panian's challenges to the legal sufficiency of Center Pointe's claims likewise fail. For example, Panian argues in her supporting brief that to the extent Center Pointe's claims relate to

5

"trucking matters," those claims "fail to come within the trade secret definition parameters of the Pennsylvania Trade Secrets Act." Def.'s Br. Supp. at 12-13. Among other things, Panian argues that Counts III and IV of the Complaint should be dismissed because Center Pointe will be unable to prove that information relating to trucking companies is not generally known or ascertainable to those in the industry. See id. She also alleges that Center Pointe has not pleaded sufficient facts to show that it took steps to preserve the secrecy of its alleged trade secrets. Id. at 15-16. These arguments do not warrant dismissal of Center Pointe's trade secrets claims. As this Court recently has noted, a claim for misappropriation of trade secrets need not be pleaded with particularity. See Ideal Aerosmith, Inc. v. Acutronic USA, Inc., Civ. A. No. 07-1029, 2007 WL 4394447, at *8 (W.D. Pa. Dec. 13, 2007)). In addition, whether a plaintiff has taken sufficient measures to protect its trade secrets is generally a question of fact more appropriately resolved at a later stage of the proceedings upon a more fully developed record. See id. Here, Center Pointe has alleged, inter alia, that the information at issue is "not generally known in the industry," that it was "not easily ascertainable from other sources," that the information is extremely valuable to Center Pointe, and that Center Pointe "scrupulously guarded the confidentiality of such information through the use of reasonable means." See, e.g., Compl. ¶¶ 26, 28, 51. At this stage of the proceedings, Center Pointe has done all that is required.

Panian also attacks Center Pointe's claims for "intentional interference with existing and prospective contractual relations" and "tortious procurement of information by improper means," arguing that these counts set forth at best conclusory allegations and a formulaic recitation of the elements of the causes of action. Def.'s Br. Supp. at 19-21. In making this argument, however, Panian focuses only on the small number of paragraphs contained within each of the two counts. See id. (citing Compl. ¶¶ 68-71, 72-76). These counts, however, specifically incorporate by reference the preceding paragraphs of the Complaint in their entirety. As Center Pointe correctly notes, the Complaint, when read in its entirety, more than adequately sets forth sufficient facts to

support the elements of the alleged causes of action.  See Strickland v. Univ. of Scranton, 700 A.2d 979, 985 (Pa. Super. Ct. 1997) (setting forth elements of tortious interference claim); Pestco, Inc. v. Associated Prods., Inc., 880 A.2d 700, 708 (Pa. Super. Ct. 2005) (citing Restatement Torts § 759 and setting forth elements of tortious procurement of information claim); Den-Tal-Ez, Inc. v. Siemens Capital Corp., 566 A.2d 1214, 1231 (Pa. Super. Ct. 1989) (same).[2]

Panian also suggests that Center Pointe's tortious procurement claim must fail because she did not execute a confidentiality agreement or a covenant not to compete.  Panian does not, however, cite any legal authority holding that section 759 of the Restatement requires a confidentiality agreement or covenant not to compete or that the business information improperly procured constitute "trade secrets."  To the extent Panian further argues that the property she allegedly took belonged to her and not Center Pointe, that is an issue of fact not appropriate for resolution on a motion to dismiss.

In short, I find that in light of the notice pleading requirements of Rule 8, Center Pointe has set forth claims under all of the theories set forth in its Complaint.  Accordingly, Panian's motion to dismiss any or all of those claims is denied.

### III. CONCLUSION

In short, according to the standards imposed by Rule 12(b)(6) and Rule 12(e), Center Pointe has stated a sufficiently definite claim and also has stated claims upon which relief may be granted.  Accordingly, Panian's Motion is denied.   An appropriate Order follows.

---

[2] To the extent Panian argues that paragraph 69 of the Complaint needs to be amended because it contains a typographical and/or grammatical error, that argument is without merit.  The intended meaning of paragraph 69 (i.e., that Panian's alleged interference with the PPD/Center Pointe relationship caused PPD to cease giving new business to Center Pointe and terminate the contract) is clear from the context.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Center Pointe Sleep Associates, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 08-1168 |
| Judith L. Panian, | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

## **ORDER OF COURT**

AND NOW, this 18th day of March, 2009, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant Judith L. Panian's Motion for a More Definite Statement (Docket No. 42) is denied. Defendant shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

It is FURTHER ORDERED that counsel attend a case management conference scheduled for Tuesday, March 24, 2009, at 11:30 a.m. before the undersigned in Courtroom 3A of the U.S. Post Office & Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Counsel shall have settlement authority, and parties are to be either present or available by telephone.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge